James E. COLLINS, #177733, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72-3588

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 13, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

Jon H. Palmer (Court-Appointed), Houston, Tex., for petitioner-appellant.

Crawford Martin, Atty. Gen., Robert Darden, Dunklin, Sullivan, Asst. Atty. Gens., Austin, Tex., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant, a Texas state prisoner, filed a habeas corpus petition alleging (1) that his state conviction was invalid because an involuntary confession had been used against him at his trial, (2) that he had not been accorded his rights under Jackson v. Denno, (1964), 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and (3) that his sentence had been improperly enhanced by prior convictions which were invalid because he had been denied the assistance of counsel and had been convicted on the basis of a guilty plea that had been involuntarily made. After an evidentiary hearing the district court held that the confession used to support the present conviction had not been involuntary, and, with regard to the prior convictions, that appellant had not been denied the assistance of counsel, nor had he pleaded guilty involuntarily.

We hold that these findings are not clearly erroneous. With regard to the Jackson v. Denno claim, we ob-

serve that considerations of comity normally require the federal habeas court to give the state courts the first opportunity to make an independent determination of the voluntariness of a confession, as required by Jackson v. Denno, where such a determination was not made at trial. Here, however, after the parties stipulated that all state remedies had been exhausted (a fact not appearing of record and about which there was some doubt), the district court made this determination itself. The procedure adopted of the stipulation and federal hearing was unusual, but in these circumstances no reversal is indicated. The federal hearing vindicated appellant's right to an independent judicial determination of the voluntariness of his confession and thus his right to a federal forum on the issue is exhausted. Moreover, the federal hearing was acquiesced in by the state, whose interests under Jackson v. Denno would normally require the federal habeas court to defer to the courts of the state.

Affirmed.